UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JENNIFER ROMAN,

      Plaintiff,

v.

WAL-MART STORES EAST, LP and
CHARLES COLEMAN,

      Defendants.

_____/

### DEFENDANT, WAL-MART STORES EAST, LP., NOTICE OF REMOVAL

Defendant, Wal-Mart Stores East, LP. ("Wal-Mart"), by and through its undersigned counsel and pursuant 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 15th Judicial Circuit Court in and for Palm Beach County, Florida, Case No. 50-2020-CA-004721, with full reservation of rights, exceptions and defenses, and in support thereof state:

### FACTUAL BACKGROUND

1.    On April 28, 2020, Plaintiff commenced this action by filing a complaint against Wal-Mart, and the store manager, Charles Coleman, in the 15th Judicial Circuit in and for Palm Beach County, Florida. *See* Pl.'s Initial Complaint attached as Ex. "A."

2.      The initial Complaint was served on Wal-Mart on May 1, 2020. *See* Service of Process Transmittal attached as Ex. "B." [1]

3.      The Plaintiff's Complaint against Wal-Mart and store manager, Charles Coleman, are for claims sounding in negligence as a result of injuries which the Plaintiff allegedly sustained on January 5, 2019, arising from an incident at the subject Wal-Mart store located at 9990 Belvedere Rd., West Palm Beach, Palm Beach County, Florida 33411. *See* Ex. "A" at ¶ 5-13.

4.      Plaintiff alleges that she was struck by a Wal-Mart supply cart that was being pushed by an unknown employee of Wal-Mart. *See* Ex. "A" at ¶ 6.

5.      The Plaintiff's Complaint specifically defines the store Manager as ***COELMAN*** (emphasis added), yet to fails to allege that COELMAN was the employee that struck the Plaintiff with the supply cart. Instead, the Plaintiff alleges that "Defendant employee" struck the Plaintiff with the supply cart (*See* Ex. "A" at ¶ 6-7). Throughout the Complaint, when referring to the store manager, Charles Coleman, the Plaintiff writes "***COLEMAN***," yet, nowhere in the Complaint does it allege that COELMAN struck the Plaintiff with the supply cart.

6.      As to Wal-Mart, Plaintiff alleges that Wal-Mart breached a duty owed to the Plaintiff by, including but not limited to, failing to properly train and supervise its employees, and operate the cart in a safe condition. *See* Ex. "A" at ¶ 11.

---

[1] Of the date of filing this lawsuit, Defendant, Charles Coleman, has not yet been served with the Complaint.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

7.     As for co-defendant, store manager, Charles Coleman, Plaintiff alleges that in his capacity as the store manager  as an employee and manager, Charles Coleman, was responsible for training and supervising the Wal-Mart employees, an knew (or should have known) that the employees at the store were not properly train, supervised and hired. *See* Ex. "A"  at ¶ 16-18.

8.     Plaintiff specifically identifies Chares Coleman in his capacity as store manager for the subject Wal-Mart store. *See* Ex. "A" at ¶ 5.

9.     Plaintiff's Complaint ***fails to allege any facts indicating Charles Coleman was actively negligent by actively participating*** in and committing any tort to cause Plaintiff's incident. Furthermore, the Complaint fails to even allege that Charles Coleman was ever on duty at the time of the Plaintiff's incident. Instead, the Plaintiff merely alleges Charles Coleman is the store manager at the store, owed and breached a duty to Plaintiff. There are no allegations within the Complaint, indicating that Charles Coleman actively brought about Plaintiff's incident.

10.     As shown more fully below, it is evident that Plaintiff's Complaint fails to allege any facts that Charles Coleman had any active participation and active involvement in the alleged incident. *See* Charles Coleman's Declaration attached as Ex. "C."

11.     Rather, the Plaintiff joined Charles Coleman to this lawsuit solely to destroy diversity jurisdiction.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

12.     The Plaintiff is a resident of Palm Beach County, which is the county where the incident occurred. *See* Plaintiff's Customer Incident Report and Medical Records attached as Ex. "D."[2] It is well-established that residency is *prima facie* evidence of domicile, which is equivalent to residency for purposes of diversity of citizenship.

13.     Further, Plaintiff alleges **past medical bills exceeding $44,103.00**, as of May 18, 2020, which is the date that Plaintiff sent her **pre-suit demand letter offering to settle this claim for $300,000.00.** *See* Pre-suit Demand Letter attached as Ex. "E."

14.     This action is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

15.     Wal-Mart requests this Court disregard the citizenship of Charles Coleman when determining that diversity jurisdiction exists in this case, and to dismiss Charles Coleman as he did not actively participate in bringing about Plaintiff's incident, nor does the Complaint allege any facts indicating that Charles Coleman actively participated in bringing about Plaintiff's incident.

16.     Wal-Mart attaches hereto and incorporates into this Notice a copy of the process, pleadings, and other papers filed in the 15th Judicial Circuit in and for Palm Beach County, Florida together with a docket sheet from the Clerk of Court. *See* The state court filings are attached as Composite Ex. "F."

---

[2] The Plaintiff's address as indicated on her Customer Incident Report and throughout her various medical records in connection with this incident, reveal that Plaintiff is a resident of Palm Beach County.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

17.     Wal-Mart attaches the Civil Cover Sheet at Ex. "G."

18.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## REMOVAL IS TIMELY

19.     In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's initial Complaint. Plaintiff's initial Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based.

20.     The thirty (30) day period commenced on May 1, 2020, when Plaintiff served her initial Complaint. Further, as of the date of this Notice of Removal, Charles Coleman has not yet been served with the Complaint.

21.     Prior to the service of Plaintiff's initial Complaint, Plaintiff sent Wal-Mart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with her alleged incident.

22.     Venue exists in the United States District Court for the Southern District of Florida, West Palm Beach Division, because the 15th Judicial District in and for West Palm Beach County, where Plaintiff filed her state court Complaint is located in West Palm BeachCounty Florida, which is located within the United States District Court for the Southern District of Florida, West Palm Beach, Florida.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## DIVERSITY OF CITIZENSHIP

23.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

**A. Citizenship of Wal-Mart Stores East, LP.**

24.     At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* SunBiz Report attached as Ex. "H." WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

**B. Citizenship of Plaintiff, Jennifer Roman**

25.     Plaintiff, Jennifer Roman, is a resident of Palm Beach County, Florida. *See* Ex. "D." Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

26.     Here, Plaintiff's Customer Incident Report and various medical records/bills reveal that she is a resident of Palm Beach County. *See* Ex. "D." Plaintiff's Palm Beach County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

**C. Complete Diversity Between the Parties Exists Because Charles Coleman Was Fraudulently Joined to Defeat Diversity Jurisdiction.**

27.     The citizenship of co-defendant, Charles Coleman, should be disregarded because he was fraudulently joined in an attempt to destroy otherwise valid diversity jurisdiction. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO,

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

28.     Courts routinely disregard the citizenship of fraudulently joined parties when determining whether diversity jurisdiction exists. *Stillwell v. Allstate Ins. Co.*, 663 F.3d at 1332. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F.3d at 1332; *Henderson*, 454 F.3d at 1281.

29.     The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

30.     The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

to state court." *Florence v. Crescent Resources, LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007)

31.     Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment – ***he or she must be actively negligent.***" *Id* (quoting *McElveen v. Peeler*, 554 So.2d 270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) (quoting *Orlovsky v. Solid Surf.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) ("[i]t is well established under Florida law that ***[a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character***")).

32.     In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target Corporation, a Minnesota citizen, and an unnamed employee, John Doe, arising from a slip and fall incident inside a Miami Target store. *Tynes*, 2013 U.S. Dist. LEXIS 40355, at *1. The defendant removed the case seeking to invoke diversity jurisdiction. *Id* at *1. Plaintiff moved to remand the case because the plaintiff identified through discovery the identity of John Doe—Target employee Wilbert A. Hernandez—and claimed that he was a resident of Miami-Dade County. *Id* at *2. In denying plaintiff's motion to remand, the court found there was little possibility that the plaintiff could prove a cause of action for negligence against Mr. Hernandez because the plaintiff failed to allege any

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

individual duty was owed or that the tort in question was committed in the store manager's individual capacity. *Id*. at *4-6.

33.    *In Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virgina Corporation. *Niurka De Varona*, 860 F. Supp. 2d at 1345. Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id*. Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it. *Id*. Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id*. at 1346. In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id*. The court denied the plaintiff's motion to remand the stating "plaintiff has provided no facts showing that [the store manager] played any role in her injuries" and that ***a store manager does not incur personal liability for a corporation's torts merely by reason of the store manager's official title.*** *See id*. (citing *Orlovsky*, 405 So. 2d at 1364).

34.     Similarly, in *Pritchard,* the court also denied plaintiff's motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent. *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7. In *Pritchard*, the plaintiffs filed suit against defendants Wal-Mart and one of its store manager in state court alleging claims of negligence and loss of consortium. *Id.* at *1. The plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises,[3] and the store manager breached those duties by acting negligently in falling to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id.* Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store manager pursuant to the fraudulent joinder doctrine. *Id.* Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder. *Id.* The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident. *Id.* at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue, and as such, the store manager could not be found to be actively negligent. *Id.* at *3. The court agreed with Wal-Mart that the store manager was

---

[3] Under Florida law, negligent mode of operation claims based upon transitory foreign substances are no longer a viable cause of action since the enactment of Florida Statute section 768.0755. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). To be clear, *Pritchard* did not involve a transitory foreign substance.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support that the store manager was actively negligent. *Id*. The court denied the plaintiffs' motion to remand and granted the store manager's motion to dismiss. *Id.*

35.     Further, in *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* and *Franco v. Wal-Mart Stores East, L.P.,* Judge Moreno dismissed the store employees who had been sued in their capacity as Wal-Mart managers on the basis that Plaintiff failed to allege any facts that the store managers were actively negligent (i.e. actively participated in braining about the plaintiff's incident. *See Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

36.     In a factually similar case, *Edman v Wal-Mart,* the plaintiff alleged that she was struck in the back by a stock cart while she was shopping at a Wal-Mart store. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at D.E. 20 and DE. 21, (S.D. Fla. May 6, 2019). The plaintiff sued both Wal-Mart and the store manager, Michael Gillespie. *Id*. The Honorable Judge Middlebrooks granted Michael Gillespie's Motion to dismiss [at D.E. 21] as the plaintiff's complaint failed to allege that Michael Gillespie actively participated in bringing about the Plaintiff's incident, and subsequently denied Plaintiff's Motion to

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Remand. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at DE. 21, (S.D. Fla. May 6, 2019).

37.     In the instant case, although Charles Coleman was the store manager at the subject Wal-Mart store where the Plaintiff's incident allegedly occurred on January 5, 2019, there is no possibility that Plaintiff can prove a cause of action for negligence against him because he was not actively negligent and had no personal involvement in Plaintiff's incident. *See Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 U.S. Dist. LEXIS 18359, at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

38.     Most importantly, Charles Coleman did not commit or participate in Plaintiff's alleged tort and did not play any role in Plaintiff's alleged injuries as he:

a.     did not witness Plaintiff's incident;

b.     did not personally participate in the events leading up to Plaintiff's alleged incident nor did he individually engage in tortious conduct;

c.     did not push a supply cart (or any cart for that matter) into the Plaintiff on January 5, 2019, or any other day;

d.     I did not have any knowledge of the subject supply cart (or any other type of cart) in the area of Plaintiff's incident immediately prior to same;

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

e.     did not have any knowledge of a Wal-Mart employee handling the stock cart (or any other type of cart) in the area of Plaintiff's incident immediately prior to same;

f.     did not observe the subject supply cart (or any other type of cart) in the area of Plaintiff's incident immediately prior to same, nor did he cause the subject supply cart (or any other type of cart) to be in the area of Plaintiff's incident immediately prior to same;

g.     did not place the subject supply cart (or any other type of cart) in the aisle where Plaintiff's incident occurred, nor did he have any prior knowledge pertaining to the identity of the individual who allegedly handled the subject supply cart in the area of Plaintiff's incident immediately prior to Plaintiff's incident;

h.     was not in the area of Plaintiff's alleged incident prior to her alleged incident, nor was he in the area of the incident at the time of Plaintiff's incident; and

i.     he did not investigate the Plaintiff's incident on the date of her incident. *See* Charles Coleman's Declaration attached as Ex. "C."

39.     Therefore, Charles Coleman had no knowledge of the alleged dangerous condition prior to Plaintiff's incident, and had no involvement therewith. *See id.; see also Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 2009 U.S. Dist. LEXIS at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19,  (S.D. Fla. November 14, 2018); *Franco v. Wal-*

*Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

40.     Essentially, Plaintiff has sued Charles Coleman because Plaintiff has discovered he was the store manager on the day of the Incident. As discussed above, this is contrary to Florida law.

41.     This is particularly event in light of the fact that Plaintiff's Complaint ***fails to allege any facts indicating Charles Coleman was actively negligent by actively participating*** in and committing any tort to cause Plaintiff's incident. Furthermore, the Complaint fails to even allege that Charles Coleman was ever on duty at the time of the Plaintiff's incident. Instead, the Plaintiff merely alleges Charles Coleman is the store manager at the store. The Plaintiff's Complaint specifically defines the store Manager as ***COELMAN*** (emphasis added), yet to fails to allege that COELMAN was the employee that struck the Plaintiff with the supply cart. Instead, the Plaintiff alleges that "Defendant employee" struck the Plaintiff with the supply cart (*See* Ex. "A" at ¶ 6-7).

42.     After disregarding the fraudulently joined defendants, there can be no dispute that the citizenship of the Parties is diverse.

## AMOUNT IN CONTROVERSY

43.     The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that her claimed damages exceeds the jurisdictional minimum in this Court of $75,000.00. *See Katz*

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.*, No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)  (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

44.     Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

45.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

46.     In the present case, the relevant portions of Plaintiff's $300,000.00 pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Notably, Plaintiff's medical bills totaled $44,103.00 as of March 18, 2020. *See Ex.* "E."

47.     Admittedly, Plaintiff demanded $300,000.00 to settle her claims which are inclusive of past medical expenses; future medical expenses and care; and pain and suffering. *Id*.

48.     Additionally, Plaintiff alleges damages for mental anguish, and loss of capacity for the enjoyment of life. *See* Ex. "A" at ¶ 13.

49.     These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous decisions from the Southern District of Florida support this conclusion.

50.     For example, in *Katz v. J.C. Penney Corp.*, *supra*, the court concluded that the removing defendant properly established the amount in controversy by addressing through affidavit information received from Plaintiff's pre-suit demand package. The court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter, it was based on medical records provided by the plaintiff. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009).

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

51.     In *AAA Abachman Enterprises, Inc. v. Stanley Steemer, Int'l, Inc.*, 268 Fed. Appx. 864 (11th Cir. 2008), the court relied on plaintiff's demand letter seeking more than $75,000.00 in damages to establish federal jurisdiction. *See also Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986, *3 (S.D.Fla. Jan. 11, 2012) (denying defendant's motion for remand citing plaintiff's actual damages of approximately $39,000.00 and concluding that future treatment would likely exceed the amount needed to reached the jurisdictional minimum.); *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1349 (S.D. Fla. 2009) (the court denied plaintiff's motion to remand citing plaintiff's demand letter claiming $22,563.00 in medical bills and the court's projections on likely future damages where a doctor estimated that plaintiff "'could' incur costs of $2,500 to $5,000 per year" for future care).

52.     In *Lazo v. US Airways, Inc.*, 2008 WL 3926430 (S.D. Fla. Aug. 26, 2008), the court denied the plaintiff's motion to remand citing to an affidavit filed by defense counsel where he recounted a conversation in which Plaintiff's counsel stated his client was seeking to recover "at least $1,000,000." The court found this representation "constitute[d] legally certain evidence that plaintiff seeks damages in excess of $75,000.00." *Id*.

53.     In the instance case, although the totality of Plaintiff's future medical expenses are not specifically set forth in her pre-suit demand letter, Plaintiff's future damages in the instant matter certainly exceed the $75,000.00 jurisdictional limit given that Plaintiff's demand letter, together with her accompanying medical records and bills, demands $300,000.00. *See* Ex. "E."

18

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

54.     In addition to past future medical expenses, Plaintiff's Complaint claims damages for pain and suffering, loss of capacity for the enjoyment of life, and aggravation of prior injuries. *See La Rocca,* 676 F. Supp. 2d at 1349 (S.D. Fla. 2009); *Scott,* 2012 WL 86986, *3 (S.D.Fla. Jan. 11, 2012). Furthermore, Plaintiff also alleges her losses are permanent or continuing and she will suffer further loss into the future. *See* Ex. "C." at 13.

55.     Like *Katz*, here, even though the current actual medical expenses are below the jurisdictional amount, Plaintiff's future damages will certainly make up the difference since Plaintiff will require ongoing treatment due to the alleged permanent nature of her injuries.

56.     Based upon the pertinent case law above, Wal-Mart has conclusively established by a preponderance of the evidence the amount in controversy is satisfied based upon (1) Plaintiff's $300,000.00 pre-suit demand letter and accompanying medical records and bills, as well as (2) Plaintiff's claim for damages for pain and suffering, loss of capacity for the enjoyment of life and aggravation of prior injuries. *See La Rocca,* 676 F. Supp. 2d at 1349 (S.D. Fla. 2009); *Scott,* 2012 WL 86986, *3 (S.D.Fla. Jan. 11, 2012); *Katz,* 2009 WL 1532129, *4 (S.D.Fla. June 1, 2009).

57.     The representations made in Plaintiff's Complaint, medical records/bills and pre-suit demand letter together sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

58.      For example, in *Katz v. J.C. Penney Corp.*, the court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.* Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 50-2020-CA-004721, on the docket of the Court for the 15th Judicial Circuit in and for Palm Beach County, Florida, be removed from that Court to the United States District Court for the

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Southern District of Florida, West Palm Beach Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: May 29, 2020**

Respectfully submitted,

*/s/ Patricia Concepcion*
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Robert M. Oldershaw
Florida Bar No.86071
roldershaw@hamiltonmillerlaw.com
Patricia Concepcion
Florida Bar No. 109058
pconcepcion@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Defendant, Wal-Mart*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 29, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Patricia Concepcion*
Patricia Concepcion, Esq.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## <u>SERVICE LIST</u>

*Attorneys for Plaintiffs*

Ian Bressler, Esq.
Florida Bar No. 104905
ian@ianbresslerlaw.com
12161 Ken Adams Way
#113
Wellington, Florida 33414
Telephone:   561-305-8257
Facsimile:     561-210-8925
*Counsel for Plaintiff*

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690